[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (# 128)
The plaintiff commenced this action in ten counts against four defendants for damages allegedly sustained by the plaintiff as a result of several breaches of contract and several different torts allegedly committed by the defendants. The disputes in this action arise out of a construction contract entered into by the plaintiff with Iron Horse Development Corp., Inc., for construction of a single family residence in Milford. On June 15, 1995, the plaintiff filed an amended complaint. Subsequently, the plaintiff filed a second amended complaint on July 14, 1995. The eleventh count alleges that the City of Milford recklessly failed to conduct an adequate inspection of the premises to ensure compliance with applicable regulations, and improperly issued a certificate of occupancy for the property in question. The plaintiff alleges that the inadequate inspection constituted a reckless disregard for health and safety. AS a result, the plaintiff alleges that she has suffered damages. CT Page 1954
On November 27, 1995, the defendant City of Milford filed a motion to strike the eleventh count of the second amended complaint. The defendant City of Milford's memorandum in support of its motion to strike asserts three arguments: (1) the City of Milford is immune from liability because of governmental (municipal) immunity; (2) the plaintiff's claim of recklessness is legally insufficient; and (3) the plaintiff has failed to join the responsible City officials as they are indispensable parties. The court will briefly address the defendant's arguments seriatim.
First, "governmental immunity must be raised as a special defense in the defendant's pleadings." Westport Taxi Service v.Westport Transit District, 235 Conn. 1, 24, 664 A.2d 719 (1995). Then the defendant may raise the issue in a motion for summary judgment. Thus, the defendant, City of Milford, should not claim the defense of governmental immunity in a motion to strike.
Second, the allegations in the eleventh count claiming reckless disregard on the part of the City of Milford are legally sufficient to state a claim upon which relief can be granted.
Finally, pursuant to General Statutes § 52-557n, a plaintiff may sue a municipality directly and forego suing the municipal official under General Statutes § 7-465. SeeRobinson v. Westbrook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 070105 (March 18, 1995, Stanley, J.); Millbrook Owners Assn. v. East Windsor, Superior Court, judicial district of Tolland at Rockville, Docket No. 057064 (November 8, 1995, Potter, J.) (footnote 2).
Accordingly, the defendant City of Milford's motion to strike is denied.
SKOLNICK, J.